IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 CR 611 |
| | ) | |
| ROBERT BUTMAN, | ) | |
| MAREK STACHURSKI, | ) | |
| KRIS SARNECKI, | ) | |
| MARCIN BAZULA, | ) | |
| AGNIESZKA PENTALA, | ) | |
|    also known as "Agnes Pentala," and | ) | |
|    "Aggie Pentala" | ) | |
| PIOTRJAN GRESZTA, and | ) | |
| KRYSZTOF SZUBA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Robert Butman's ("Butman") pretrial motions. For the reasons stated below, we deny all Butman's pretrial motions.

I. Motion for Severance

Butman moves for severance from the other Defendants. However, at this

1

juncture it is unclear what evidence will be utilized at trial by the Government and it is unknown if some or all of the other Defendants will plead guilty in this action. The motion for severance also fails to provide sufficient detail regarding the basis for severance. Thus, the motion for severance is speculative and premature. Therefore, we deny Butman's motion without prejudice.

II. Motion For Bill of Particulars

Butman has filed a motion requesting a bill of particulars. A court may order "the government to file a bill of particulars" pursuant to Federal Rule of Criminal Procedure Rule 7(f). Fed. R. Crim. P. 7(f). In regards to a bill of particulars a "defendant's constitutional rights under the fifth and sixth amendments require that he be informed of the nature of the offense charged to allow him to prepare a defense and to protect his double jeopardy rights. . . ." *U.S. v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991). Rule 7(f) does "not require the government to reveal the details of how it plans to prove its case." *Id.* Butman has not shown that the indictment failed to provide the information necessary for the preparation of his defense.

Butman is also seeking information that has already been provided to him. Butman seeks information such as the identity of unnamed persons referred to in the indictment. However, Butman is able to identify the individuals by consulting the materials already provided by the Government and the files made open to him by the Government. To assist the Defendants, the Government has agreed to provide under

2

separate cover to all Defendants identification of the unnamed individuals that Butman seeks an identification for in his motion. Butman also requests an explanation for the terms "official duty," "lawful duty," "lawful authority," and "authorized access" that are mentioned in the indictment. However, once Butman is able to identify the individuals in question and consult the materials at his disposal and the new material promised by the Government, Butman should be able to understand what "official duty," "lawful duty," "lawful authority," and "authorized access" is being alleged in the indictment. Therefore, we deny Butman's motion for bill of particulars.

### III. Motion to Strike Surplusage

Butman has moved to strike the terms "demanded," "corruptly demanded," "mutilated," and "mutilate" from the indictment as surplusage. Pursuant to Federal Rule of Criminal Procedure 7(d) "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). It is clear that the terms in question are relevant and are necessarily used by the government to define the charges. In fact the terms "corruptly demands" and "mutilates" are included within the federal statutes defining the offenses themselves. 18 U.S.C.§ 201(b); 18 U.S.C. § 1519. The indictment utilizes past tense forms of those terms which are included in the statute and thus the indictment accurately states the charges and Butman has not shown the terms to be prejudicial. The Government has

also indicated that it intends to prove all of the terms in question and if the Government fails to prove that the terms are accurate at trial, Defendants may renew their motion to strike the terms as surplusage before the case goes to the jury for deliberations. Thus, the motion is also premature. Therefore, we deny Butman's motion to strike surplusage without prejudice.

### IV. Motion for Evidence of Other Crimes, Acts or Wrongs

Butman has requested that the Government give notice of the Government's intent to use evidence of other crimes, acts or wrongs. Pursuant to Federal Rule of Evidence 404(b) if the Government in a criminal case intends to introduce evidence of other crimes, wrongs, or acts pursuant to Federal Rule of Evidence 404(b), the Government is required to "provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). The Government has indicated its willingness to comply with Butman's request and there has been no showing that the Government has not been forthcoming in this regard. Therefore the motion to disclose evidence of other crimes, acts or wrongs is denied without prejudice.

We also acknowledge that the Government correctly notes that it is not obligated to disclose evidence that may potentially be used in rebuttal. *See e.g U.S. v. Climatemp, Inc.*, 482 F.Supp. 376, 391 (D.C. Ill. 1979). We also note that

4

regardless, Butman has not complied with Local Criminal Rule 12.1(b), and has failed to include the necessary information in the motion. Therefore, we deny Butman's motion requesting that the Government give notice of the Government's intent to use evidence of other crimes, acts or wrongs without prejudice.

## V. Brady and Giglio Motions

Butman requests the production of materials and disclosures in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). The Government acknowledges its ongoing duty to provide such materials and disclosures. Defendants have not shown that the Government has failed to comply with its obligations and thus the motions are premature. We also note that regardless, Butman has not complied with Local Criminal Rule 12.1(b), and have failed to include the necessary information in the motions. Therefore, we deny Butman's motions seeking *Brady* and *Giglio* materials without prejudice.

## VI. Pre-trial Motions by Other Defendants

Defendants other than Butman have filed pre-trial motions in this action. However, the Government's "Consolidated Response to Defendant Robert Butman's Pre-trial Motions" fails to respond to the arguments presented in the pretrial motions filed by other Defendants. The Government has not filed an answer for Defendant

Agnieszka Pentala's "Motion for Discovery," "Motion to Supress Statements," or "Motion for Disclosure of Impeaching and Exculpatory Information." Neither has the Government responded to Defendant Piotr Jan Greszta's "Motion to Supress Statements and Request for an Evidentiary Hearing." At the January 26, 2005, status hearing we asked the Government to respond to motions by Defendants other than Butman that were not duplicative of Butman's motions. However, the Government indicated that it did not recall what motions it had already answered and asked the Court's assistance in determining what motions remain unaddressed. To assist the Government in its determination of what motions remain pending we shall limit the scope of this ruling solely to Butman's motions. All motions filed by Defendants other than Butman remain pending and require answers from the Government which will be due by February 11, 2005.

## CONCLUSION

Based on the foregoing analysis, we deny all of Butman's pretrial motions and set a briefing schedule for the remaining pre-trial motions as stated above.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 27, 2005